UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-7811 RGK (FFMx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | *McCABE v. DELL, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order re: Plaintiff's Motion for Reconsideration of Order Compelling Arbitration (DE 52)

## I.     INTRODUCTION

On December 8, 2006, Kimberly McCabe ("Plaintiff"), individually and on behalf of others, brought this class action against Dell, Inc. ("Defendant") for claims arising out of Plaintiff's purchase of a desktop computer from Defendant. Plaintiff alleges Defendant knowingly sold defective computers to customers in violation of state law, in breach of express and implied warranties, and in the commission of fraudulent concealment and unjust enrichment.

Defendant asserts as part of the sales transaction, Plaintiff accepted Defendant's sales agreement ("Agreement"), which included an arbitration clause and class action waiver that governed how disputes arising out of the transaction would be resolved. On February 13, 2007, Defendant filed a motion with the Court to Compel Arbitration and Stay Litigation, supporting its request with Plaintiff's acceptance of the Agreement's terms. The Court granted Defendant's Motion and ordered arbitration.

Before the Court is Plaintiff's Motion for Reconsideration of the Order Compelling Arbitration in light of the Ninth Circuit's recent decision in *Omstead v. Dell Inc.*, 594 F.3d 1081 (9th Cir. 2010). For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## II.     FACTUAL BACKGROUND

In December 2003, Plaintiff ordered from Defendant a Dimension 4600 desktop computer over the internet from her California residence. Defendant, whose principal place of business is in Texas, shipped the computer to Plaintiff's residence. Plaintiff claims that Defendant, manufactured the computers using defective power supply units Defendant obtained from a supplier. This caused the computers to fail prematurely. Plaintiff filed a Complaint in December 2007 and properly served Defendant on January 3, 2007. Defendant waived service of process extending its Answer due date to February 13, 2007.

Defendant asserts that at the time of purchase, Plaintiff had accepted the terms of the Agreement, which contained a binding arbitration clause. The arbitration clause included a choice of law provision designating Texas as the governing law and a class action waiver. (Pl's Mot. to Recons. 2:22–28). The waiver required customers to waive any right to resolve disputes arising from the sale or purchase as a class action. In light of the Agreement, on February 13, 2007, Defendant filed a Motion to Compel Arbitration and Stay Litigation. In opposition to Defendant's Motion, Plaintiff contended that the arbitration clause was substantively unconscionable because the Agreement lacked mutuality and the clause contained an invalid class action waiver.

Approximately, one month after Defendant filed its Motion, Plaintiff on March 14, 2007, filed a stipulation on behalf of both parties, requesting a continuance of the April 3, 2007 deadline to file a motion for class certification.[1] Plaintiff revealed that no discovery had been conducted on class certification given Defendant's Motion to Compel Arbitration. (Pl's Stipulation ¶¶ 7, 8). On March 19, 2007, the Court denied Plaintiff's Stipulation for failure to show good cause for the extension. Plaintiff did not mention the Court's denial in her appeal to the Ninth Circuit, nor did she file a request with the Court for reconsideration of the decision. (DE 28).

On April 12, 2007, the Court granted Defendant's Motion and issued an Order to Compel Arbitration and Stay Litigation ("the Court's Order"). The Court held that the arbitration clause and the class action waiver were valid and enforceable under both Texas and California law. Under California law, the Court held that Plaintiff's claims did not meet the requirements for unenforceable class action waivers set forth in *Discover Bank v. Super. Ct.*, 113 P.3d 1100, 1110 (Cal. 2005).[2] Specifically, the Court held that Plaintiff's individual claim at $700 was not small enough to deter pursuance of individuals claims in comparison to the $29 amount in *Discover Bank*. (Civil Mins. Granting Def.'s Mot. to Compel Arbitration ¶¶ 4, 5; DE 41). Thus, the Court ordered Plaintiff to pursue her claim independently through arbitration.

Plaintiff attempted to appeal the Court's Order to the Ninth Circuit. On February 19, 2008, the Ninth Circuit dismissed the appeal on grounds that the Order was not final, and that circumstances did not warrant the issuance of a writ of mandamus. (DE 48).

In a Joint Status Report filed by the parties on June 17, 2008, the parties reported that no progress had been made on arbitration. Plaintiff stipulated that she would not proceed on an individual basis in arbitration because she could not afford to do so. Defendant requested that the Court dismiss Plaintiff's claims for want of prosecution under Fed. R. Civ. P. 41(b).

The parties failed to advance the dispute further until May 10, 2010, when Plaintiff filed the Motion for Reconsideration before the Court today.

### III.     JUDICIAL STANDARD

---

[1] Local Rule 23-3 of the Central District of California supplements the Federal Rules, and states that a motion for class certification must be filed "within 90 days after service of a pleading . . . unless otherwise ordered by the Court." C.D. Cal. L.R. 23-3.

[2] The *Discover Bank* test for unenforceable class action waivers is satisfied when: (1) the sales contract was an adhesion contract, (2) the disputed amounts between the contracting parties was small enough to prevent consumers from pursuing the individual claims, and (3) the seller engaged in a deliberate practice to individually cheat large numbers of customers out of small amounts of money. 113 P.3d at 1110; *Omstead*, 594 F.3d at 1086.

Parties may file a motion for reconsideration for review of both interlocutory and post-judgement decisions. District courts have inherent authority to reconsider interlocutory rulings or orders anytime before final judgement is entered. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) (citing Fed. R. Civ. P. 54(b)). This broad power of discretion includes the ability to modify, rescind, or affirm its decisions in light of subsequent findings or conclusions. *Simmons Co. v. Grier Bros. Co.,* 257 U.S. 82, 88 (1922); *Mallory v. Eyrich,* 922 F.3d 1273, 1282 (6th Cir. 1992).

Reconsideration of post-judgement decisions are also reviewed based on the courts' discretion, but must be made pursuant to FRCP 59(e)(motion to alter or amend judgement) or 60(b)(motion for relief from judgement or final orders). *School Dist. No. 1J, Multnomah Country, Or. v. ACandS, Inc.* 5 F.3d 1255, 1262–63 (9th Cir. 1993). Motions to reconsider interlocutory decisions are determined independently of FRCP Rule 60(b). *See Bucy v. Nevada Constr. Co.,* 125 F.2d 213, 217 (9th Cir. 1942) ("Rule 60 does not affect, interfere with, or curtail the common-law power of the federal courts . . . ."); *Mateo v. M/S Kiso*, 805 F. Supp. 761, 786 (N.D. Cal. 1991) ("[D]istrict courts are authorized to reconsider interlocutory orders at any time prior to final judgement, independently of Rule 60(b)").

The Supreme Court expressly recognized the validity and applicability of local rules, as "law[s] of the United States." *United States v. Hvass*, 355 U.S. 575 (1958). Local Rule 7-18 of the Central District of California supplements the Federal Rules, and states that a motion for reconsideration of the decision of any motion may only be brought for:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

An order to compel arbitration is considered *interlocutory* provided the court does not explicitly dismiss the claim. *Sanford v. Member Works, Inc.,* 483 F.3d 956, 961–62 (9th Cir. 2007) (noting that in *Interactive Flight Tech., Inc., v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001), where a courts ordered arbitration and dismissed the action without prejudice, the decision was considered final) (emphasis added).

## IV.    DISCUSSION

The sole issue for the Court's consideration is whether this case should be removed from arbitration and re-opened for litigation in light of the Ninth Circuit's decision in *Omstead*. The Court finds that the parties must remain in arbitration and Plaintiff's Motion for Reconsideration be denied. Since the Court issued the Arbitration Order over three years ago, Plaintiff has made no efforts to arbitrate, thereby unnecessarily delaying the resolution of this case. Plaintiff continued to avoid arbitration, even after the Ninth Circuit dismissed Plaintiff's appeal of the arbitration Order on February 2, 2008. This unreasonable delay is entirely the result of Plaintiff's conduct. In contrast, Defendant complied with the Court's Order and attempted to engage in arbitration. Defendant has not only suffered prejudice as a result of Plaintiff's past conduct, but Defendant would face even greater prejudice if the Court agreed to re-open this case for litigation, especially given Defendant's prior efforts to resolve this case.

And in any event, reversing the arbitration Order would be futile. Plaintiff asserts that due to her limited financial resources, she is unable to pursue her case independently in arbitration. It only follows that she also lacks sufficient resources to litigate the matter in the district court. Plaintiff seems to hope to be able to pursues her claim in a class action suit should this Court grant reconsideration (assuming that she will be able to certify the class). Yet, if the past is any indication of the future, Plaintiff's lack of diligence in pursuing the interests of the class renders her unsuitable as a class representative. Three years ago, Plaintiff unjustifiably failed to move for class certification by the appropriate deadline. Her attorney requested a deadline extension 19 days before the motion for class certification was due. And when the Court denied the request for failure to show good cause, Plaintiff made no effort to comply with the deadline. Moreover, Plaintiff's attorney's disinterest in pursuing her claims in arbitration is another indication that Plaintiff is not a suitable candidate for leading the putative class. Plaintiff's inability to litigate this claim independently or as a class renders reconsideration a futile exercise and further impedes the resolution of this case. Therefore, the Court denies Plaintiff's Motion for Reconsideration.

Defendant has requested that the Court dismiss Plaintiff's claim for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Defendant's Opposition is not the proper means to request dismissal. Defendant must submit in a separate motion its request to dismiss Plaintiff's claim for failure to prosecute.

## V.  CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |